# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

J. Jesus Carrillo Velasquez,
Petitioner
-vs-
Eric Rokosky, et al.,
Respondents.

CV-26-4999-PHX-JFM

**Order**

Under consideration is Petitioner's Petition for Writ of Habeas Corpus filed July 16, 2026 (Doc. 1).  Petitioner is a citizen and national of Mexico who entered the United States in 2001, and remained at large until June 25, 2026 when he was detained by immigration officials without being provided a bond hearing.  Petitioner argues that he is entitled to a bond hearing before a neutral immigration judge, or immediate release.  Petitioner requests relief of release or such hearing, with requirements as to the burden of proof, and specific considerations, and fees and costs under the Equal Access to Justice Act.

Respondents have responded (Doc. 7) voicing no opposition to a bond hearing under 8 U.S.C. § 1226(a).  The Court accepts this concession as non-opposition to granting Petitioner's habeas corpus petition in part and granting a bond hearing.

This is not all the relief Petitioner seeks.  But the form of relief in a habeas proceeding is within the discretion of the Court.

> "[The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody."  Federal courts have a fair amount of flexibility in fashioning specific habeas relief. "A federal court is vested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus. The court is free to fashion the remedy as law and justice require and is not required to order petitioner's immediate release from physical custody."

*Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (citations omitted).  Nothing in the

- 1 -

Petition suggests a bond hearing is not an appropriate remedy, and it is the remedy most closely related to the illegality alleged by Petitioner.

Petitioner further requests additional conditions on the process at the hearing, but proffers nothing to suggest that such procedures are required by the applicable statutes or the constitution.  Accordingly, the Court does not reach such matters, and does not include them in the relief granted.

Petitioner seeks attorneys fees under the Equal Justice Act, 28 U.S.C. § 2412.  Such applications are premature until after judgment has become final by conclusion of appeal or expiration of the time therefor.  *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 604 (9th Cir. 2007).

**IT IS THEREFORE ORDERED:**

(A)  Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART** as described herein.

(B)  Respondents must provide Petitioner a bond-determination hearing before an immigration judge within **seven days** or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

(C)  Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing Petitioner a bond hearing.

(D)  Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated: July 21, 2026

26-4999-001o Order 26 07 21 on Petition for Writ of Habeas Corpus.docx

James F. Metcalf
United States Magistrate Judge

- 2 -